In the Matter of the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY FOR 1997–1998 # 95

**Bennett S. AISENBERG, Petitioner,**

v.

**Douglas CAMPBELL and Mark Dorn, Respondents,**

and

**Victoria Buckley, Rebecca Lennahan, and Richard Westfall, Title Board.**

No. 98SA213.

Supreme Court of Colorado, En Banc.

June 29, 1998.

Susan E. Burch, Denver, for Petitioner.

Douglas Campbell, pro se.

Mark Dorn, Arvada, pro se.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Paul Farley, Deputy Attorney General, Maurice G. Knaizer, Deputy Attorney General, State Services Section, Denver, for the Title Board.

Justice MARTINEZ delivered the Opinion of the Court.

■ The petitioner, Bennett S. Aisenberg, brings this original proceeding pursuant to section 1–40–107(2), 1 C.R.S. (1997), and challenges the action of the initiative title setting board ("Title Board" or "Board") in setting the title, ballot title and submission clause, and summary for initiative "1997–98—# 95" ("initiative # 95").[1] Initiative # 95 proposes to amend Article VI of the Colorado Constitution by adding a new Section 6 to that article,[2] and to repeal several other provisions. We hold that, because initiative # 95 contains the same provisions which we recently held to constitute multiple subjects in In re Ballot Title "1997–1998 # 64", 960 P.2d 1192 (Colo.1998), it violates the single subject requirement set forth in Article V, Section 1(5.5) of the Colorado Constitution ("Section 1(5.5)"). In addition, we conclude that initiative # 95 violates the single subject requirement by proposing to eliminate the power of home rule cities to control the election, appointment and retention of municipal court judges within their jurisdiction, and by proposing to enlarge the jurisdiction of the Commission on Judicial Discipline ("Commission"). Accordingly, we reverse the action of the Title Board.[3]

### I.

Most of the proposals of initiative # 95 are identical to the provisions of initiative "1997–98 # 64" ("initiative # 64"), which we consid-

ered in In re "1997–98 # 64". Thus, initiative # 95 would amend the constitution to provide that: (1) county, district, and court of appeals judges, as well as supreme court justices, are limited to serving three future four-year terms of office; (2) a future partial judicial term of one year or more constitutes a full term; (3) the governor shall nominate all future state court judges and justices, who need not be chosen from a nominating commission list; (4) eligibility for a state court judgeship requires that nominees be qualified electors who reside in the judicial district; (5) no nominee may take office unless approved by the senate following a public hearing; (6) all senate-approved nominees face a retention election in the "first November election 90 days or more after their approval"; (7) any judicial incumbent retained by less than a 60% vote is retained for one year only; (8) a defeated incumbent may not serve again as a judicial officer "except after voter approval at a later election"; (9) a special retention vote is required for any judge or justice convicted of a crime or subject to a negative finding by the Commission; (10) information concerning an incumbent's caseload, case resolution time, attendance, and sentencing information must be made public and computer accessible by the following March 1; and (11) ballot information booklets and mailed election notices must contain such information, any criminal conviction or negative Commission finding, a statement in favor of retention, and a "summary" of all comments against retention.

Initiative # 95 also substantially tracks initiative # 64 with respect to proposed changes to the Commission. Initiative # 95 provides that (1) "[w]ith senate approval, the governor shall appoint all future commission members and special masters, who shall not be lawyers, judges, or justices"; and (2) "all future commission complaints, papers, hearings, and

---

1. The text of the initiative, along with the title, ballot title and submission clause, and summary, are attached to this opinion as an appendix.

2. Former Article VI, Section 6, entitled "Election of judges," was repealed November 8, 1966.

3. Due to the nature of the changes initiative # 95 seeks to achieve, its approval by the voters could

have an effect on the members of this court. However, as we explained in In re "1997–98 # 64", the rule of necessity requires us to consider whether initiative # 95 satisfies constitutional requirements. See In re "1997–98 # 64", 960 P.2d 1197 n. 12.

findings shall be public ... and computer accessible within ten days".

In addition, initiative # 95 contains an immunity provision that is similar to the immunity provision in initiative # 64. This provision states that "no criticism, except in a courtroom, relating to any judge's or justice's fitness to serve shall cause any civil or criminal liability whatsoever."

Finally, like initiative # 64, initiative # 95 states that its provisions are to be strictly construed, are subject to strict compliance, are severable and self-executing, and supersede any other state or local provision. As with initiative # 64, initiative # 95 states that any Colorado resident shall have standing to enforce its provisions by originally filing a suit in the supreme court. These suits must be decided within 90 days, and successful petitioners are to be awarded attorney's fees and costs.

Initiative # 95 also proposes to repeal the same sections of Article VI as initiative # 64. Thus, it would repeal the following sections or provisions of Article VI:(1) Section 7, which establishes a ten-year term of office for supreme court justices; (2) Section 8, which mandates that a person must be a qualified elector of the state of Colorado and have been licensed to practice law in Colorado for at least five years in order to be eligible to the office of supreme court justice; (3) Section 10(2), which establishes a six-year term of office for district court judges and states that "[i]n each judicial district there shall be one or more judges of the district court"; (4) Section 11, which establishes the same eligibility requirements for district court judges as for supreme court justices; (5) Sections 14 and 15, which provide, *inter alia*, that vacancies in the Denver probate court and Denver juvenile court "shall be filled as provided in Section 20 of this article"; (6) Section 20(1), which provides, *inter*

*alia*, that the governor shall appoint persons to fill vacancies in all state courts from a nominating commission list, and that an appointee "shall hold office for a provisional term of two years and then until the second Tuesday in January following the next general election"; (7) Section 23(3)(e), which grants the Commission power to conduct investigations, order hearings, take informal remedial action, and request this court to appoint special masters to hear and take evidence; (8) Section 23(3)(g), which provides, *inter alia*, that "the filing of papers with and the giving of testimony before the commission or the masters shall be privileged; but no other publication of such papers or proceedings shall be privileged in any action for defamation"; (9) Section 26, which provides that the "number, manner of selection, qualifications, term of office, tenure, and removal" of judges of the county court of the City and County of Denver "shall be as provided in the charter and ordinances of the City and County of Denver"; and (10) the second sentence of Section 23(3)(a), which provides for the composition and selection of Commission members.[4]

Initiative # 95 differs from initiative # 64 by making municipal court judges subject to its provisions. Thus, under initiative # 95, (1) municipal judges are made subject to the provisions concerning terms of office and term limits; (2) "municipal court judges shall face a retention vote in the first November election 90 days or more after their approval"; and (3) municipal judges are subject to a "special retention election" if convicted of a crime or subject to a negative finding by the Commission. Moreover, paragraph (3) of Section 6 provides that the Commission "shall also have jurisdiction over municipal court judges."

The Title Board fixed the titles [5] and summary of initiative # 95 on May 6, 1998. Ai-

---

**4.** The second sentence of Section 23(3)(a) provides that the Commission is to consist of
[t]wo judges of district courts and two judges of county courts, each selected by the supreme court; two citizens admitted to practice law in the courts of this state, neither of whom shall be a justice or judge, who shall have practiced in

this state for at least ten years and who shall be appointed by the governor, with the consent of the senate.

**5.** "Titles," as used in this opinion, refers to the title, ballot title and submission clause of the initiative.

senberg subsequently filed a motion for rehearing pursuant to section 1–40–107(1), 1 C.R.S. (1997), on May 13, 1998. The Board denied the motion for rehearing on May 20, 1998. Aisenberg filed a petition for review in this court on May 22, 1998.

## II.

Because initiative #95 proposes the same changes to the Colorado Constitution which we determined to constitute separate subjects in *In re "1997–98 #64"*, we hold that it violates the single subject requirement. In addition, we conclude that initiative #95 violates the single subject requirement by proposing to make all municipal court judges subject to its term of office and retention provisions, and by expanding the jurisdiction of the Commission to include municipal court judges.[6] Accordingly, we reverse the action of the Title Board.

## A.

■ In *In re "1997–98 #64"*, we held that a number of the provisions of initiative #64 served separate and discrete purposes. Specifically, we determined that the following provisions were inconsistent with the single subject requirement set forth in Section 1(5.5):(1) the provision proposing to repeal the requirement of Article VI, Section 10(2) of the Colorado Constitution that each judicial district have at least one district judge, (2) the provision proposing to repeal Article VI, Section 26, which grants the City and County of Denver control over Denver county court judges, (3) the provision proposing to grant absolute immunity to persons who, outside a courtroom, criticize a judicial officer regarding the officer's qualifications, and (4) the provisions proposing to eliminate the Commission's investigatory and remedial

powers and to change the qualifications for Commission membership. *See In re "1997–98 #64"*, 960 P.2d at 1192–1200.

Here, initiative #95 contains the same provisions that constituted multiple subjects in *In re "1997–98 #64"*, with only minor changes in the wording of the immunity provision.[7] Thus, like initiative #64, initiative #95 proposes to make changes to the judicial branch of the state government that have no relationship to the qualifications of judicial officers. We therefore hold that, pursuant to our holding in *In re "1997–98 #64"*, these provisions of initiative #95 violate the constitutional single subject requirement.

## B.

■ We next consider the provisions of initiative #95, not present in initiative #64, which impose new term of office restrictions and retention requirements upon all municipal court judges. We hold that, to the extent initiative #95 would make these requirements applicable to municipal court judgeships under the jurisdiction of home rule cities and towns, it violates Section 1(5.5).

■ Under our constitutional and statutory framework, the determination of which governmental entity has control over the appointment and election of municipal court judges depends upon whether the municipality is a home rule city or town. If a city or town does not have home rule powers, then the election, appointment, and tenure of its municipal judges is governed by the legislature. *See* §§ 13–10–101 to –105, 5 C.R.S. (1997). If, however, a city or town is vested with home rule powers, it may exercise independent control over the election, tenure and appointment of municipal court judges within its jurisdiction. *See* Colo. Const. art. XX,

---

**6.** Because initiative #95 contains multiple subjects, we do not address the argument that its titles and summary are misleading. *See In re Ballot Title "1997–98 #30"*, 959 P.2d 822, 827 (1998) (where initiative containeds more than one subject, other contentions of petitioner awere not addressed).

**7.** The immunity provision contained in paragraph (3)(b) of Section 6 of proposed initiative

#64 provided that "no criticism, except in a courtroom, *relating to any qualification to serve* as a judge or justice shall cause any civil or criminal liability whatsoever." *In re "1997–98 #64"*, 960 P.2d at 1198 n. 14 (emphasis added). The immunity provision of initiative #95, also located at paragraph (3)(b) of Section 6, provides that "no criticism, except in a courtroom, *relating to any judge's or justice's fitness to serve* shall ause any civil or criminal liability whatsoever." (Emphasis added.)

§ 6(c) (granting home rule cities and towns "power to legislate upon, provide, regulate, conduct and control ... [t]he creation of municipal courts; the definition and regulation of the jurisdiction, powers, and duties thereof, and the election or appointment of the officers thereof"); § 13–10–103, 5 C.R.S. (1997) (stating that "this article may be superseded by charter or ordinance enacted by a home rule city"); *People v. Horan*, 192 Colo. 144, 146, 556 P.2d 1217, 1218 (1976) (Article XX, Section 6 allows home rule cities to "specify the terms under which a municipal judge holds his office").

In *In re "1997–98 # 64"*, we determined that the proposed repeal of Article VI, Section 26 of the Colorado Constitution, which grants the City and County of Denver ("Denver") control over its county court judges, did not relate to the qualifications of judicial officers. *See* 960 P.2d at 1198. Because Section 26 is a home rule provision, we explained that its purpose is to confer upon the citizens of Denver " 'the plenary power of self-government' " over, *inter alia*, the election, qualifications, removal, and terms of office of Denver county court judges. *Id.* at 1198 (quoting *Denver Urban Renewal Auth. v. Byrne*, 618 P.2d 1374, 1380 (Colo.1980)). Therefore, we concluded that the proposed repeal of Section 26 did not address the qualifications of judicial officers, but rather served the purpose of depriving Denver of its home rule power over its county court judges.

Here, to the extent that it seeks to deprive home rule cities of their power over the election, appointment and retention of municipal court judges in their territorial limits, initiative # 95 furthers a similar purpose. As we noted in *Horan*, Article XX, Section 6 is intended to ensure that home rule cities and towns have authority over the establishment of their municipal courts, as well as the appointment, election and tenure of municipal court judges. *See* 192 Colo. at 146, 556 P.2d at 1218–19; *see also Burks v. City of Lafayette*, 142 Colo. 61, 70, 349 P.2d 692, 697 (1960) (the power of home rule cities is not derived from the General Assembly, but is an independent constitutional power). There-

fore, to the extent that initiative # 95 would deprive home rule cities of this power, we conclude that it furthers a purpose that is unrelated to the qualifications of judicial officers. *See In re "1997–98 # 64"*, 960 P.2d at 1198.

## C.

We also hold that the provision of initiative # 95 proposing to enlarge the jurisdiction of the Commission to include municipal court judges violates the single subject requirement.

As we explained in *In re "1997–98 # 64"*, the Commission is "an independent constitutional body charged with investigating and, to a limited degree, enforcing the Colorado Code of Judicial Conduct." 960 P.2d at 1199–1200. Consequently, "*any alteration* of Commission powers ... does not serve the purpose of altering the qualifications of judicial officers," but rather addresses an incongruous and disconnected purpose. *Id.* at 1199–1200 (emphasis added). Thus, *In re "1997–98 # 64"* is controlling here and compels the conclusion that the provision of initiative # 95 proposing to enlarge the jurisdiction of the Commission furthers a purpose that is unrelated to the qualifications of judicial officers. We therefore hold that this provision also violates the single subject requirement.

## IV.

Because initiative # 95 contains multiple subjects in violation of Section 1(5.5) of Article V of the Colorado Constitution, the Title Board erred by fixing the titles and summary of the initiative. We therefore reverse the action of the Title Board, and return this matter to the Board with directions to strike the titles and summary and return the initiative to the proponents

KOURLIS and BENDER, JJ., dissent.

## Appendix

Proposed Initiative Number 1997–98 # 95 [1]

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL OFFICERS, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR ALL MUNICIPAL AND CERTAIN STATE COURT JUDGES AND JUSTICES TO THREE TERMS OF UP TO FOUR YEARS AT EACH COURT LEVEL; PROVIDING THAT THE GOVERNOR NOMINATES ALL STATE COURT JUDGES AND JUSTICES SUBJECT TO SENATE CONFIRMATION; REQUIRING ALL MUNICIPAL AND STATE COURT JUDGES AND JUSTICES TO STAND FOR RETENTION AT THE FIRST NOVEMBER ELECTION FOLLOWING CONFIRMATION OR APPROVAL; REQUIRING ANY JUDGE OR JUSTICE WHO IS CONVICTED OF A MISDEMEANOR OR FELONY OR WHO RECEIVES A NEGATIVE FINDING FROM THE COMMISSION ON JUDICIAL DISCIPLINE TO STAND FOR RETENTION AT THE NEXT NOVEMBER ELECTION; PROVIDING THAT FUTURE MEMBERS OF THE COMMISSION ON JUDICIAL DISCIPLINE SHALL BE APPOINTED BY THE GOVERNOR SUBJECT TO SENATE CONFIRMATION AND SHALL NOT BE A LAWYER, JUDGE, OR JUSTICE; INCLUDING MUNICIPAL COURT JUDGES WITHIN THE JURISDICTION OF THE COMMISSION; REQUIRING CERTAIN COMMISSION RECORDS AND AN ANNUAL REPORT ON EACH JUDGE AND JUSTICE TO BE PUBLIC AND COMPUTER ACCESSIBLE; PROHIBITING CIVIL OR CRIMINAL LIABILITY FOR CERTAIN CRITICISM RELATING TO THE FITNESS OF A JUDGE OR JUSTICE TO SERVE; REQUIRING THAT BALLOT INFORMATION BOOKLETS OR MAILED ELECTION NOTICES CONTAIN SPECIFIED INFORMATION ON EACH JUDGE OR JUSTICE SUBJECT TO A RETENTION ELECTION; PROVIDING THAT ANY JUDGE OR JUSTICE WHO IS RETAINED BY LESS THAN A 60% MAJORITY IS RETAINED FOR ONE YEAR ONLY; PROHIBITING ANY JUDGE OR JUSTICE DEFEATED IN A RETENTION ELECTION FROM AGAIN SERVING AS A JUDGE OR JUSTICE UNLESS APPROVED BY THE VOTERS; PROVIDING RULES AND PROCEDURES FOR ACTIONS TO ENFORCE THE NEW SECTION; AND REPEALING PROVISIONS OF THE CONSTITUTION TO CONFORM WITH THE NEW SECTION.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL OFFICERS, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR ALL MUNICIPAL AND CERTAIN STATE COURT JUDGES AND JUSTICES TO THREE TERMS OF UP TO FOUR YEARS AT EACH COURT LEVEL; PROVIDING THAT THE GOVERNOR NOMINATES ALL STATE COURT JUDGES AND JUSTICES SUBJECT TO SENATE CONFIRMATION; REQUIRING ALL MUNICIPAL AND STATE COURT JUDGES AND JUSTICES TO STAND FOR RETENTION AT THE FIRST NOVEMBER ELECTION FOLLOWING CONFIRMATION OR APPROVAL; REQUIRING ANY JUDGE OR JUSTICE WHO IS CONVICTED OF A MISDEMEANOR OR FELONY OR WHO RECEIVES A NEGATIVE FINDING FROM THE COMMISSION ON JUDICIAL DISCIPLINE TO STAND FOR RETENTION AT THE NEXT NOVEMBER ELECTION; PROVIDING THAT FUTURE MEMBERS OF THE COMMISSION ON JUDICIAL DISCIPLINE SHALL BE APPOINTED BY THE GOVERNOR SUBJECT TO SENATE CONFIRMATION AND SHALL NOT BE A

1. Judicial Qualifications

LAWYER, JUDGE, OR JUSTICE; INCLUDING MUNICIPAL COURT JUDGES WITHIN THE JURISDICTION OF THE COMMISSION; REQUIRING CERTAIN COMMISSION RECORDS AND AN ANNUAL REPORT ON EACH JUDGE AND JUSTICE TO BE PUBLIC AND COMPUTER ACCESSIBLE; PROHIBITING CIVIL OR CRIMINAL LIABILITY FOR CERTAIN CRITICISM RELATING TO THE FITNESS OF A JUDGE OR JUSTICE TO SERVE; REQUIRING THAT BALLOT INFORMATION BOOKLETS OR MAILED ELECTION NOTICES CONTAIN SPECIFIED INFORMATION ON EACH JUDGE OR JUSTICE SUBJECT TO A RETENTION ELECTION; PROVIDING THAT ANY JUDGE OR JUSTICE WHO IS RETAINED BY LESS THAN A 60% MAJORITY IS RETAINED FOR ONE YEAR ONLY; PROHIBITING ANY JUDGE OR JUSTICE DEFEATED IN A RETENTION ELECTION FROM AGAIN SERVING AS A JUDGE OR JUSTICE UNLESS APPROVED BY THE VOTERS; PROVIDING RULES AND PROCEDURES FOR ACTIONS TO ENFORCE THE NEW SECTION; AND REPEALING PROVISIONS OF THE CONSTITUTION TO CONFORM WITH THE NEW SECTION?

The summary prepared by the Board is as follows:

This measure amends the Colorado constitution and would affect all municipal, county and district court judges, the probate and juvenile court judges in the City and County of Denver, judges of the court of appeals, and justices of the supreme court. It would limit future terms of certain judges and justices to four years and prohibit certain judges or justices from serving more than three future terms at each court level. The measure provides that a future partial term of more than one year constitutes a full term.

The measure changes the manner in which all state court judges and justices are selected by allowing the governor to nominate any qualified elector who resides in the judge's or justice's judicial district even if the person were not selected by a judicial nominating commission. The measure would prohibit any state court judge or justice from taking office until confirmed by the senate following a public hearing held after at least ten days' notice. It requires all municipal and state court judges and justices to face a retention election in the first November following approval or confirmation by the senate. The measure would require any judge or justice convicted of a felony or misdemeanor or subject to any negative finding by the commission on judicial discipline to face a retention election in the next November election more than ninety days following the conviction or finding. If a judge or justice is retained by less than a 60% majority, the measure requires the judge or justice to again stand for retention at the next November election. It prohibits a judge or justice who has been defeated in a retention election from serving in any judicial position unless approved by voters at a future election.

The measure requires future members of the commission on judicial discipline to be confirmed by the senate and prohibits lawyers, judges, or justices from being members. It would expand the jurisdiction of the commission to include municipal court judges. It would establish that all future complaints, papers, hearings, and findings of the commission are public and must be made computer accessible within 10 days.

The measure would require that calendar year information concerning the caseload, case resolution time, attendance, and criminal sentencing information for each judge or justice be made public and computer accessible by the following March 1.

The measure would prohibit any civil or criminal action based upon criticism relating to the fitness of a judge or justice to serve, unless the criticism occurs in a courtroom.

For each judge or justice facing a retention election, the measure would require ballot information booklets and mailed

election notices to contain information concerning any conviction or negative finding by the commission on judicial discipline, the prior year's record concerning caseload, case resolution time, attendance, and criminal sentencing information, and a statement in favor of retention and a summary of comments filed by any Colorado resident against retention.

The measure states that it shall be strictly construed and shall be superior to any other state or local provision. It provides that any Colorado resident has standing to enforce its provisions, that the Colorado supreme court has exclusive original jurisdiction to hear and decide any case concerning its enforcement, and that only a successful plaintiff may receive legal fees and costs.

The measure would repeal numerous provisions of the Colorado constitution including:

- The terms of office and qualifications for judges and justices;
- The appointments of judges and justices from a list of nominees submitted by a judicial nominating commission;
- The authority of the commission on judicial discipline to order informal remedial action, to order a formal hearing, to request the appointment of three judges or justices as special masters, and to recommend that action, including the assessment of costs, be taken against a judge or justice;
- The confidentiality of papers and proceedings before the commission on judicial discipline;
- The qualifications and number of members of the commission on judicial discipline; and
- The authority of the charter and ordinances of the city and county of Denver to set the qualifications, method of selection, term of office, and removal of county judges for the city and county of Denver.

The Department of Local Affairs finds that the [sic] there is a significant fiscal impact on local governments associated with the measure that cannot be quantified. This impact is due to special elec-

tions on municipal judges that would be held in November and the cost of making records on judicial performance and ballot information available to the public.

The Office of State Planning and Budgeting deems the fiscal impact of this initiative on the state to be significant but indeterminate, since there will be additional elections and there may be backlogs in the legislature and the courts due to the confirmation process. Moreover, there will be a cost to make judges' records computer accessible. The Office of State Planning and Budgeting estimates that the base cost of replacing judges in fiscal year 1999–2000 may be $398,123.

Hearing adjourned May 6, 1998 4:20 p.m.

Rehearing May 20, 1998

- Bennett S. Aisenberg Motion denied.

Hearing adjourned 7:45 p.m.

The text of the Initiative is as follows:

Section 1. Article VI of the state constitution is amended to add the following:

**Section 6. Judicial qualifications.** Beginning November 3, 1998:

**(1) Term limits.** Future terms of office for all municipal, county, district, court of appeals, and supreme court judges and justices shall be four years. At each level, no person shall serve more than three future terms of office. A future partial term of one year or more shall count as a term of office.

**(2) Nomination.** The governor shall nominate all future county, district, probate, juvenile, court of appeals, and supreme court judges and justices. None shall take office without senate approval following a hearing with public testimony, held ten days or more after public notice. Nominees need not be chosen from a nominating commission list, but shall be qualified electors who reside in their judicial district during their term of office. Senate-approved nominees and municipal court judges shall face a retention vote in the first November election 90 days or more after their approval.

**(3) Discipline and retention.** (a) Despite any appeal, delayed sentence, or other excuse, any felony or misdemeanor

criminal conviction, or any negative finding by the commission on judicial discipline, shall compel a special retention vote at the next November election date 90 days or more after such conviction or finding. With senate approval, the governor shall appoint all future commission members and special masters, who shall not be lawyers, judges, or justices. The commission shall also have jurisdiction over municipal court judges.

(b) To inform potential voters at regular or special elections, which shall also apply to municipal court judges: all future commission complaints, papers, hearings, and findings shall be public, and be computer accessible within ten days; complete calendar year records on caseload, case resolution time, attendance, and criminal sentencing by each judge or justice shall be public and computer accessible by the next March 1; and no criticism, except in a courtroom, relating to any judge's or justice's fitness to serve shall cause any civil or criminal liability whatsoever. In 10–point or larger type, ballot information booklets and mailed election notices shall include any conviction or finding defined in (a), the latest yearly record, and up to 500 words each for the incumbent and for a summary by the election official of all comments against retention, which may be filed by any Colorado resident. A majority under 60% shall retain that incumbent for one year only. No defeated incumbent shall serve in any judicial position again except after voter approval at a later election.

(4) **Enforcement.** This section shall be strictly construed; substantial compliance is insufficient. Its provisions are severable and self-executing, and shall not be harmonized with or balanced against, but shall supersede, any other state or local provision. Any Colorado resident shall have standing to enforce this section. Suits shall be originally filed and heard in the supreme court and finally decided within 90 days of filing. Legal fees and costs shall be paid to successful plaintiffs only.

Section 2. Article VI, sections 7, 8, 10(2), 11, 14, 15, 20(1), 23(3)(e), 23(3)(g), 26, and the second sentence of 23(3)(a) of the state constitution are repealed.

Justice KOURLIS and Justice BENDER dissenting:

We dissented in *In re Ballot Title "1997–1998 # 64"*, 960 P.2d 1192 (Colo.1998). To the extent that the provisions of initiative # 95 parallel those in # 64, we restate our prior conclusions. Further, we do not view the specific inclusion of municipal court judges in the terms of initiative # 95 to create a separate subject. The initiative still relates to the broad subject of the qualifications of judicial officers, whether they be officers of the State or of a municipality. In our view, the initiative is broader in its reach than initiative # 64, but within the same subject matter. Hence, we respectfully dissent.