In the MATTER OF the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY FOR 1999–2000 # 246(e),

Bennett S. Aisenberg, Petitioner,

v.

Douglas Campbell and Mark Dorn, Respondents,

and

William Hobbs, Alan J. Gilbert, and Charles W. Pike, Title Board.

No. 00SA193.

Supreme Court of Colorado, En Banc.

Sept. 11, 2000.

Susan E. Burch Denver, Colorado Attorney for Petitioner

Douglas Campbell, Pro Se, Mark Dorn, Pro·Se Arvada, Colorado

Ken Salazar, Attorney General Barbara McDonnell, Chief Deputy Attorney General Alan J. Gilbert, Solicitor General Maurice G. Knaizer, Deputy Attorney General State Services Section Denver, Colorado Attorneys for Title Board

**PER CURIAM.**

In this original proceeding brought pursuant to section 1–40–107(2), 1 C.R.S. (1999), the petitioner, Bennett S. Aisenberg (Aisenberg), challenges the action of the initiative title setting board (Title Board) in setting the title, ballot title and submission clause, and summary (titles and summary) for Initiative 1999–2000 # 246(e) (Initiative # 246(e)).[1] Aisenberg contends that (1) Initiative # 246(e) addresses multiple subjects and (2) the titles and summaries are unfair, unclear, inaccurate, and misleading.

Initiative # 246(e) would amend provisions of the Colorado Constitution governing judicial discipline. Proponents filed the initiative with the Secretary of State on May 5, 2000. The Title Board held its hearing and set the titles and summary for it on May 17, 2000. On May 26, 2000, the Title Board granted Aisenberg's motion for rehearing in part and denied it in part. Aisenberg filed his petition

for review of the Title Board's action with us on June 1, 2000. On July 3, 2000 we announced our decision to affirm the Title Board with opinion to follow.[2]

### I.

Initiative # 246(e) proposes to amend article VI, section 23(3) of the Colorado Constitution, addressing the Commission on Judicial Discipline, its composition and method of appointment, and its procedures. The amendments would reduce the membership of the Commission from ten to seven members. The Governor would appoint, subject to Senate confirmation, all future members of the Commission. No person could serve on the Commission for more than eight years. As to the ten existing members of the Commission, the positions of the next three judge or attorney members whose terms expire would not be filled, thereby accomplishing reduction of the Commission to seven members. Current members who are judges or attorneys would be non-voting members until their terms expire. No future appointee could be an attorney or judicial department employee. At the request of the Commission, the governor would appoint three temporary special masters to hear testimony, take evidence, and report to the Commission in a specific proceeding, at which time their terms would expire unless extended by cause for a date certain by the Commission.

Initiative # 246(e) also proposes that all papers, proceedings, testimony, and findings of or before the Commission, the supreme court, and special masters would be public records, available on the internet, summarized by the election official forty-five days prior to the judicial officer's future election, and printed in any ballot information booklet and mailed election notice required by law. In a defamation action, the proceedings, papers, testimony, findings, and any publication or posting of these under the authority of the Commission, the summarizing election official, or the publisher of the ballot information booklet, would be privileged, except as to witnesses and the party filing the complaint with the Commission. In all such suits, the

---

1. The text of the proposed initiative as well as the Title Board's titles and summary are appended to this opinion.

2. Our decision would have allowed the proponents to proceed with the steps necessary to

qualify this initiative for the November 2000 ballot. Although these steps were not taken, we do not find this case to be moot in light of our order affirming the action of the Title Board with opinion to follow.

initiative would provide that judicial officers are public figures, and would not be compensated in a defamation action for campaign costs, loss of income from removal or non-retention by the voters, or attorney fees. The plaintiff in a defamation action would compensate the defendant for all actual attorney fees and costs, if the defendant prevailed.

Initiative # 246(e) also provides that the General Assembly would enact procedures implementing the judicial discipline process. A preponderance of the evidence standard would be applied to disciplinary actions, but any Commission finding other than a full exoneration would compel a retention vote of the judicial officer on the next yearly state election date that occurs at least ninety days later. The initiative would repeal existing provisions of article VI, section 23(3) that are inconsistent with the proposed amendments.

### II.

We hold that Initiative # 246(e) does not contain multiple subjects and the titles and summary set by the Title Board are not inaccurate, unfair, unclear, or misleading.

### A. Single Subject

In a number of previous cases, we held that amending the judicial discipline provisions of the Colorado Constitution is a separate subject from amending the qualifications of judicial officers. *See In re Ballot Title 1999–2000 # 33,* 975 P.2d 175, 176 (Colo. 1999); *In re Ballot Title 1999–2000 # 29,* 972 P.2d 257, 259 (Colo.1999); *In re Ballot Title 1997–1998 # 95,* 960 P.2d 1204, 1209 (Colo. 1998); *In re Ballot Title 1997–1998 # 64,* 960 P.2d 1192, 1199 (Colo.1998). We stated that the Commission on Judicial Discipline is an independent constitutional body and "it follows that any alteration of Commission powers, or the composition and manner of selection of Commission membership, does not serve the purpose of altering the qualifications of judicial officers." *In re Ballot Title 1997–1998 # 64,* 960 P.2d at 1199–1200. We held that provisions proposing to change the "composition, manner of selection, powers and procedures of the Commission further a distinct purpose" and therefore constituted a separate, distinct, and unconnected subject

from amending the constitutional provisions relating to the qualifications of judicial officers. *Id.* at 1200.

Aisenberg argues that the term "judicial discipline" utilized by the proponents is too broad, and the "amalgamation of topics" presents "no apparent singular purpose" that fits the single subject requirement. We determine, to the contrary, that the proposed provisions all relate to the selection, powers, and procedures of the Commission. These provisions implement the single subject of establishing and directing the performance of a commission whose responsibility it is to independently assess and determine the disposition of complaints seeking the discipline of judicial officers.

Our responsibility in single-subject review is to determine whether the subject treated in the body of the proposed initiative is clearly expressed in its titles and whether the initiative unites separate, distinct, and unconnected subjects. *See In re Ballot Title 1999–2000 # 25,* 974 P.2d 458, 460–61 (Colo. 1999). Implementation provisions tied to an initiative's central focus do not violate the single-subject requirement. *See In re Ballot Title 1999–2000 # 200A,* 992 P.2d 27, 30–31 (Colo.2000).

In the context of judicial officer qualifications, we recently held that a single subject existed in a proposal that addressed the selection, terms of office, and removal of judicial officers, and procedures associated therewith. *See In re Ballot Titles # # 245(b), 245(c), 245(d) & 245(e),* 1 P.3d 720, 722–23 (Colo.2000); *In re Ballot Titles # # 245(f) & 245(g),* 1 P.3d 739, 742–43 (Colo.2000).

Parallel provisions relating to the Commission exist here. In addition to the composition of the Commission, its method of selection, and the terms of commissioners, Initiative # 246(e) contains a number of implementing provisions that are connected with the Commission's responsibility for judicial discipline. These include provisions for: (1) making the papers and records of Commission proceedings available to the public; (2) according a privilege to the papers, record, and their publication, for any defamation proceeding ensuing from the disciplinary process, except as to witnesses

and the party filing the complaint with the Commission; (3) directing the General Assembly to prescribe procedures governing the Commission's work; (4) enunciating the applicable standard of review for disciplinary action; and (5) other details implementing judicial discipline. All of these provisions are tied to the central focus of judicial discipline, which is a discrete subject that is not overbroad in relation to the initiative's content.

The Title Board did not err in determining that Initiative # 246(e) presents a single subject.

### B. Fair, Clear, and Accurate Titles and Summary

■ Titles must clearly, briefly, and unambiguously state the principle of the provision sought to be added, amended or repealed. *See In re Ballot Title 1999–2000 # 104,* 987 P.2d 249, 254 (Colo.1999). Our role does not include rewriting the titles and summary to achieve the best possible statement of the proposed measure's intent. *See In re Ballot Title 1999–2000 # 265,* 3 P.3d 1210, 1213 (Colo.2000). We will not interfere with the Title Board's choice of language for the titles and summary if that language is not clearly misleading, and we resolve all legitimate presumptions in favor of the Title Board's choice. *See In re Ballot Title 1999– 2000 # # 227 & 228,* 3 P.3d 1, 5 (Colo.2000). We will not affirm the setting of titles when a material omission therefrom would mislead the voters or promote voter confusion. *See In re Ballot Title 1999–2000 # 258(A),* 4 P.3d 1094 at 1100 (Colo. 2000).

■ Aisenberg contends that "the titles contain careless generalities that mislead potential voters and petition signers as well as having significant omissions, the effect of which is failure to inform voters and petition signers of the true impact of the proposal." In particular, Aisenberg notes: (1) the omission of a statement in the titles that attorneys and judicial department employees, current or former, are prohibited from serving on the Commission; (2) an incomplete description in the titles of the scope of Commis-

sion filings and matters required to be publicly available; (3) no mention in the titles of how special masters are appointed and utilized in Commission proceedings; (4) no comparison in the summary between the existing and proposed confidentiality, privilege, and public record provisions; (5) failure to mention in the summary that the privilege for Commission materials and proceedings in ensuing defamation actions does not apply to witnesses, as well as not applying to the complainant in the Commission proceeding; and (6) lack of explanation as to the special master provisions that may leave a false impression that special masters cannot be utilized in Commission proceedings.

■ While the titles could benefit from a brief identification of the qualifications and appointment process for future commissioner appointments, we do not find that this omission from the titles renders them inaccurate or misleading. The summary contains details in this regard. The remainder of Aisenberg's comments regarding the titles and summary are either editorial in nature or focus on material for which inclusion, non-inclusion, or phrasing thereof is within the Commission's discretion. The Title Board is not required to present a side-by-side proposal of the existing law and how the proposed initiative would change it. It need not touch on every aspect of a proposal. Instead, its task is to present straightforward, succinct, and nonargumentative titles and summaries.

We do not find the titles or summary to be inaccurate, unfair, unclear, or misleading.

### III.

Accordingly, we affirm the action of the Title Board in setting the titles and summary for Initiative # 246(e).

### APPENDIX

#### Proposed Initiative "1999– 2000—# 246(e)"[1]

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL DISCIPLINE, AND, IN CONNECTION THEREWITH, CHANGING THE NUMBER, QUALIFICATIONS, AND APPOINTMENT PROCESS FOR MEM-

---

1. Judicial Discipline

BERS OF THE COMMISSION ON JUDICIAL DISCIPLINE; PROVIDING THAT, IN THE JUDICIAL DISCIPLINARY PROCESS, ALL FILED PAPERS, PROCEEDINGS, TESTIMONY, AND FINDINGS ARE CONSIDERED PUBLIC RECORDS, OPEN TO THE PUBLIC, AND AVAILABLE ON THE INTERNET; REQUIRING AN ELECTION OFFICIAL TO ACCURATELY SUMMARIZE ALL SUCH PAPERS, PROCEEDINGS, TESTIMONY, AND FINDINGS AND TO PUBLISH SUCH SUMMARY IN VOTER INFORMATION MATERIALS; PROVIDING THAT SUCH PAPERS, PROCEEDINGS, TESTIMONY, AND FINDINGS, AS WELL AS THEIR PUBLICATION UNDER THE AUTHORITY OF THE COMMISSION OR THE ELECTION OFFICIAL OR IN THE BALLOT INFORMATION BOOKLET, ARE PRIVILEGED IN ANY DEFAMATION ACTION EXCEPT AS TO A WITNESS OR THE COMPLAINING PARTY; EXCLUDING CERTAIN ITEMS FROM THE DAMAGES AVAILABLE IN DEFAMATION ACTIONS; AUTHORIZING THE GENERAL ASSEMBLY TO ENACT PROCEDURES FOR THE COMMISSION; SPECIFYING THAT PREPONDERANCE OF THE EVIDENCE SHALL BE THE STANDARD OF PROOF FOR DISCIPLINARY ACTIONS; REQUIRING A RETENTION ELECTION IF A JUSTICE OR JUDGE IS NOT FULLY EXONERATED; AND REPEALING CERTAIN PROVISIONS RELATING TO THE COMMISSION.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL DISCIPLINE, AND, IN CONNECTION THEREWITH, CHANGING THE NUMBER, QUALIFICATIONS, AND APPOINTMENT PROCESS FOR MEMBERS OF THE COMMISSION ON JUDICIAL DISCIPLINE; PROVIDING THAT, IN THE JUDICIAL DISCIPLINARY PROCESS, ALL FILED PAPERS, PROCEEDINGS, TESTIMONY, AND FINDINGS ARE CONSIDERED PUBLIC RECORDS, OPEN TO THE PUBLIC, AND AVAILABLE ON THE INTERNET; REQUIRING AN ELECTION OFFICIAL TO ACCURATELY SUMMARIZE ALL SUCH PAPERS, PROCEEDINGS, TESTIMONY, AND FINDINGS AND TO PUBLISH SUCH SUMMARY IN VOTER INFORMATION MATERIALS; PROVIDING THAT SUCH PAPERS, PROCEEDINGS, TESTIMONY, AND FINDINGS, AS WELL AS THEIR PUBLICATION UNDER THE AUTHORITY OF THE COMMISSION OR THE ELECTION OFFICIAL OR IN THE BALLOT INFORMATION BOOKLET, ARE PRIVILEGED IN ANY DEFAMATION ACTION EXCEPT AS TO A WITNESS OR THE COMPLAINING PARTY; EXCLUDING CERTAIN ITEMS FROM THE DAMAGES AVAILABLE IN DEFAMATION ACTIONS; AUTHORIZING THE GENERAL ASSEMBLY TO ENACT PROCEDURES FOR THE COMMISSION; SPECIFYING THAT A PREPONDERANCE OF THE EVIDENCE SHALL BE THE STANDARD OF PROOF FOR DISCIPLINARY ACTIONS; REQUIRING A RETENTION ELECTION IF A JUSTICE OR JUDGE IS NOT FULLY EXONERATED; AND REPEALING CERTAIN PROVISIONS RELATING TO THE COMMISSION?

The summary prepared by the Board is as follows:

This measure amends the Colorado constitution. The measure provides that future members of the commission on judicial discipline are appointed by the governor, but are prohibited from serving until approved by the senate following a hearing with public testimony conducted after at least fourteen-days' notice. It would prohibit anyone from serving on the commission more than eight years. The measure prohibits future members from being or having been attorneys or employees of the judicial department and makes judges and attorneys who are current members of the commission non-voting members.

The measure reduces the number of members of the commission on judicial discipline from ten to seven by providing that the next three positions vacated by judges or attorneys occurring after the adoption of the measure shall not be filled.

The measure establishes that special masters shall be appointed by the governor upon the request of the commission of judicial discipline. It authorizes such special masters to hear testimony and take evidence and report to the commission on judicial discipline. The measure provides that the term of a special master expires when the report is filed unless extended for cause by the commission on judicial discipline. It would prohibit current or past attorneys or employees of the judicial department from serving as special masters.

The measure repeals the existing provision that papers filed with and proceedings and testimony before the commission on judicial discipline and special masters are confidential and privileged prior to filing recommendations with the supreme court.

The measure would establish that, whether or not charges are upheld, papers filed with, proceedings and testimony before, and findings by the commission, the supreme court, or special masters during a judicial discipline process are public records and open to the public. All such documents, unless the filing was outside of the jurisdiction of the commission on judicial discipline, are to be available on the internet within five days. The measure also requires the appropriate election official to accurately summarize all documents available on the internet prior to every future election involving the judicial official. Such summary is to be published forty-five days prior to the election in any ballot information booklet or mailed election notice.

The measure establishes that filed papers, proceedings, testimony, and findings are privileged in any defamation action, except as to a witness or the complaining party. The publication or posting of filed papers, proceedings, testimony, and findings under the authority of the commission on judicial discipline or the election official or in the ballot information booklet are also privileged in any defamation action except as to a witness or the complaining party.

In a defamation action against a complaining party, the measure prohibits recovery of campaign costs, loss of income, and attorney fees and would require an unsuccessful plaintiff to pay the defendant's actual attorney fees and costs. The measure would deem judicial officers to be public figures.

The measure changes the authority for establishing procedures for the commission on judicial discipline from the supreme court to the general assembly, and requires that the standard of proof for any judicial discipline hearing be a preponderance of the evidence. If a justice or judge is not fully exonerated, the measure requires a retention vote for such justice or judge at the next yearly state election held at least ninety days after such a finding.

The measure repeals the authority of the commission to appoint special members and the supreme court to appoint special masters. The measure repeals provisions relating to amendments approved in 1982.

The Department of Local Affairs does not foresee any impact on local government resulting from the enactment of this measure.

The Office of State Planning and Budgeting believes that publishing and mailing ballot information booklets would result in some cost, but that the total annual cost of this requirement cannot be accurately estimated. Additionally, the Office of State Planning and Budgeting believes that requiring retention elections for persons not fully exonerated by the commission on judicial discipline could require an additional full-time employee for judicial performance commissions at a cost of $50,330 in the first year and $46,480 each year thereafter.

Hearing May 17, 2000:

Single subject approved; staff draft amended; titles and summary set.

Hearing adjourned 8:46 p.m.

Hearing May 26, 2000:

Motion for Rehearing *denied* with respect to single subject grounds.

Motion for Rehearing *granted in part* (with respect to changes to titles and submission clause in connection with paragraphs 6 and 7) and *denied in part* (with respect to all other grounds stated in the motion).

Hearing adjourned 6:08 p.m.

The Text of Initiative 1999–2000 # 246(e) is as follows:

 

Be it Enacted by the People of the State of Colorado:

### Article VI, section 23(3). Judicial discipline.

Section 1. Section 23(3)(a) is repealed and re-enacted to read:

(a) **Citizen control of judicial discipline commission.** There shall be a seven-member commission on judicial discipline. Each future member shall be appointed by the governor, but shall not take office without senate approval following a hearing with public testimony, held 14 days or more after public notice. No one shall serve more than eight years. Among the 10 existing members, the next three positions vacated by judges or attorneys shall not be filled. Members who are judges or attorneys shall be non-voting members. Three temporary special masters shall be appointed by the governor, only upon the request of the commission, to hear testimony and take evidence in a specific proceeding before the commission and to report thereon to the commission at which time their term shall expire unless extended for cause to a date certain by the commission. No future appointee herein referenced shall be or have been an attorney or judicial department employee.

Section 2. Section 23(3)(g) is repealed and re-enacted to read:

(g) **Full public disclosure of all judicial discipline proceedings.** At all times in and after any judicial disciplinary process, and whether or not any charges are upheld by the commission on judicial discipline or supreme court, all papers filed with, proceedings and testimony before, and findings by the commission, the supreme court, and special masters shall be public records; open to the public; on the internet within five days; and accurately summarized in not more than 500 words per proceeding by the election official 45 days before each of that judicial officer's future elections, and published in any ballot information booklet and mailed election notice required by Article VI or by law. Filings outside the commission's jurisdiction shall be public, but not reported. Proceedings, filed papers, testimony, findings, and publication or posting of the same by personnel acting under authority of the commission, the summarizing election official,

or the publisher of the ballot information booklet shall be privileged in any action for defamation except as to witnesses and the party filing the complaint with the commission. In a defamation action, the plaintiff shall not be compensated for campaign costs, the loss of income from removal or non-retention by voters, or attorney fees. If the plaintiff does not prevail, the defendant shall be compensated by the plaintiff for all actual attorney fees and costs. In all such suits, all judicial officers are public figures.

Section 3. The first two sentences of section 23(3)(h) are repealed and re-enacted to read:

(h) The general assembly shall enact all section 23(3) procedures. A preponderance of the evidence shall be required for disciplinary action, but any commission finding other than a full exoneration shall compel a retention vote of the judicial officer on the next yearly state election date at least 90 days later.

Section 4. Section 23(3)(j) and the last sentence of section 23(3)(b) are repealed. The third clause of the first sentence of section 23(3)(e) is repealed, and the word "or" shall precede the second clause, which shall delete the semicolon and end with a period.