In the Matter of the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY FOR 1999–00 ## 245(b), 245(c), 245(d) and 245(e).

Bennett S. Aisenberg, Petitioner,

v.

Douglas Campbell and Mark Dorn, Respondents,

and

William Hobbs, Michael Mclachlan, and Charles W. Pike, Title Board.

No. 000SA35.

Supreme Court of Colorado.
En Banc.

May 15, 2000.

Susan E. Burch, Denver, Attorney for Petitioner.

Douglas Campbell, pro se, Arvada.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Alan J. Gilbert, Solicitor General, Maurice G. Knaizer, Deputy Attorney General, State Services Section, Denver, Attorneys for Title Board.

Justice RICE delivered the Opinion of the Court.

In this original proceeding brought pursuant to section 1–40–107(2), 1 C.R.S. (1999), Petitioner, Bennett S. Aisenberg, seeks review of the Initiative Title Setting Board's (Title Board or Board) action in fixing the titles, ballot titles and submission clauses (titles), and summaries for four proposed ballot initiatives designated "1999–2000 # 245(b)," "1999–2000 # 245(c)," "1999–2000 # 245(d)," and "1999–2000 # 245(e)" (Initiatives). The Initiatives propose to amend article VI of the Colorado Constitution by adding a new Section 6, and to repeal several other provisions. We affirm in part and reverse in part the action of the Title Board and remand for further proceedings consistent with this opinion.

## I. Facts and Procedural History

On January 7, 2000, Douglas Campbell and Mark Dorn, Proponents of Initiatives 245(b), (c), (d), and (e),[1] submitted proposed Initia-

tives to the Title Board for the purpose of setting titles. On January 19, 2000, the Board fixed the titles. On January 26, 2000, Petitioner filed a motion for rehearing, alleging thirteen deficiencies in the titles relating to the single-subject requirement and the clear titles requirement. On February 2, 2000, the Board heard Petitioner's motion, granted a rehearing on allegations 10, 12, and 13, denied rehearing on all others, and reset the titles. Petitioner filed with the court a petition for review, asking us to find that the proposals contain more than one subject in violation of article V, section 1(5.5) of the Colorado Constitution and that the titles fixed by the Board do not clearly, accurately, and fairly express the subject of the proposals.

The Title Board agreed with Petitioner regarding one contention that in titles set for 245(d) and (e) the Board erroneously included "commissioners" and "referees" in the definition of "judges," despite clear language in these two Initiatives excluding commissioners and referees from the definition of judges. Accordingly, we remanded the titles set for 245(d) and (e) for correction. The Title Board filed recertified corrected titles for Initiatives 245(d) and (e) on April 12, 2000. We address Petitioner's remaining concerns in turn.

## II. Standard of Review

■ The Colorado Constitution reserves to the people the power to propose and enact amendments to the constitution. *See* Colo. Const. art. V, §§ 1(1), (2). Article 40 of the Colorado Revised Statutes, spanning sections 1–40–101 to –134, 1 C.R.S. (1999), governs the initiative process in Colorado. The legislative intent of article 40 primarily is to make the initiative process fair and impartial. *See* § 1–40–101; *Montero v. Meyer,* 13 F.3d 1444, 1449 (10th Cir.1994). To that end, the General Assembly has assigned to the Title Board the duties of designating and fixing a title and submission clause for each proposed law or constitutional amendment. *See* § 1–

---

**1.** The title, ballot title and submission clause, and summary of Initiatives 245(b), (c), (d), and (e) are attached hereto as an appendix.

40–106(1). In fixing such titles, the Board is charged with considering whether a proposal addresses incongruous subjects in the same measure and rejecting any proposals that do so. If the Board determines that the proposal touches on a single subject, the Board then prepares a clear and concise summary of the proposal. See § 1–40–106.5(1)(e)(II); *see also In re 1999–2000 No. 29*, 972 P.2d 257, 260 (Colo.1999).

■■■ Upon review, we treat the actions of the Board as presumptively valid. *See In re 1999–2000 # 104*, 987 P.2d 249, 254 (Colo. 1999); *Say v. Baker*, 137 Colo. 155, 159, 322 P.2d 317, 319 (1958). We will not address the merits of a proposed initiative, interpret its language, or predict its application. See *In re # 104*, 987 P.2d at 254.

### III. Single–Subject Requirement

■■ The Board may not set the titles of a proposed initiative or submit it to the voters if it contains multiple subjects. *See* Colo. Const. art. V, § 1(5.5); *In re # 104*, 987 P.2d at 254. A proposed initiative violates the single-subject requirement if it has "at least two distinct and separate purposes which are not dependent upon or connected with each other." *In re "Public Rights in Waters II."*, 898 P.2d 1076, 1078–79 (Colo.1995).

Petitioner alleges that the proposed Initiatives violate the single-subject requirement in three distinct respects: (1) the Initiatives convert magistrates,[2] who are currently annual contract employees, into judicial officers with four-year terms; (2) the creation of these new judicial offices will require budget allocations; and (3) the repeal of sections 14 and 15 of article VI, relating to probate and juvenile courts, affects more than the qualifications of judicial officers. We address these issues in turn.

#### A.

■■ Petitioner asserts that the Initiatives convert the position of magistrate from an annual contract employee into a judicial officer. Because the Initiatives define "judges"

to include magistrates, references within the Initiatives to "judges" also encompass magistrates.

Petitioner's assertion that the provisions of the Initiatives that apply to judges also apply to magistrates is true. However, this fact does not lead to the conclusion that the Initiatives contain a second subject. First, we note that nothing in the Initiatives mandates the creation of the position of magistrate. The Initiatives govern magistrates but do not require that magistrate positions exist. Second, if the legislature or the courts do create magistrate positions, it does not follow that the creation of a new judicial position is outside the scope of the subject of the Initiatives; namely, the selection, retention, and removal of judicial officers. As we noted in *In re 1999–00 # # 245(f) and 245(g)*, 1 P.3d 739, 743, (Colo.2000), a companion case to this one, "[T]he application of the prohibition to magistrates ... clearly falls within the subject of the selection, retention, and removal of judicial officers.... Magistrates perform some of the same functions that judges perform and are at all times subject to the direction and supervision of a chief or presiding judge." Converting magistrate positions, which already serve a quasi-judicial function, into article VI judicial officers is certainly within the subject of the selection, retention, and removal of judicial officers. Accordingly, the fact that the provisions of the Initiatives apply to magistrates does not present a second subject.

#### B.

■■ Petitioner presents a second related argument that the treatment of magistrates as judicial officers, subject to the same provisions as judges, results in "budgetary implications" that create a second subject. Petitioner states that this court found that a tax cut proposal not exempt from section 20 of article X's spending limitations that included a provision requiring increased state expenditures contained a second subject. *See In re 1997–98 No. 84*, 961 P.2d 456 (Colo.1998).

---

**2.** The use of the term "magistrates" encompasses the positions of magistrates, referees, and com-   missioners.

However, upon examination, we find that Petitioner's analysis of *In re No. 84* is flawed. In *In re No. 84*, this court held that the proposed initiative contained a second subject because it included not only a local tax cut, but also included a second "hidden subject" that required the reduction and possible elimination of state programs. *See id.* at 460–61.

The present Initiatives contain no such hidden subject. First, the Initiatives do not mandate the creation or funding of magistrate positions. Second, the fact that funding may be required to support the creation of four-year term magistrate positions does not create an additional subject.

### C.

Petitioner makes a third argument that the Initiatives contain a second subject due to the repeal of sections 14 and 15 of article VI of the Colorado Constitution because those sections also deal with the jurisdiction and expansion of the juvenile and probate courts. This argument was addressed and dismissed in *In re # # 245(f) and 245(g)*, 1 P.3d at 743, where we held that identical language in two prior initiatives did not affect the subjects of the jurisdiction or expansion of the juvenile and probate courts.

Accordingly, we find that the proposed Initiatives contain only one subject.

### IV.  Clear Titles Requirement

■ In setting the titles, the Board must "correctly and fairly express the true intent and meaning" of the proposed initiative and must "consider the public confusion that might be caused by misleading titles." § 1–40–106(3)(b). We again note that the Board's actions are presumptively valid and this presumption precludes this court from second-guessing every decision the Board makes in setting titles. *See # 104*, 987 P.2d at 254; *Baker*, 137 Colo. at 159, 322 P.2d at 319.

First, Petitioner argues that the titles for Initiatives 245(c) and 245(e) are incorrect because they state that each Initiative eliminates "the present constitutional requirements that supreme court justices and district court judges be licensed to practice law in Colorado for at least five years." Petitioner states that (c) and (e) do not repeal section 11 of article VI of the Colorado Constitution, the section governing the district court judges. We agree with Petitioner. Furthermore, although the designated titles to (c) and (e) state that the constitutional requirement that district court judges be licensed to practice in Colorado for at least five years is eliminated, the summaries of (c) and (e) each state, "District court judges would still have to be licensed to practice law in Colorado for at least five years but Supreme Court justices would not." [3] Thus, the language of the designated titles clearly is inconsistent with the summaries. Accordingly, we direct the Title Board to fix the titles and ballot title and submission clauses of Initiatives 245(c) and 245(e) by striking the clause

"AND DISTRICT COURT JUDGES" from the sentences reading, "ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS."

Second, Petitioner argues that the titles state that the Initiatives prohibit certain persons from serving as active or senior judges, but that the Initiatives actually identify four circumstances that prevent a person from serving as an active or senior judge. We addressed and rejected this argument in *In re # # 245(f) and 245(g)*, 1 P.3d at 743–744. We again conclude that this argument is mere "splitting hairs" and is without merit.

■ Third, Petitioner alleges that the titles should have stated whether the information that must be sent to voters pursuant to the Initiatives is required for elections occurring under article VI, section 25 of the Colo-

---

**3.**  Proponent Campbell acknowledges in his brief to the court that these two ballot titles are factually incorrect.

rado Constitution, or only those under section 6. The language in the titles referring to voter information booklets indicates that such information will be disbursed "[f]or each such judge facing a retention or removal election." This language clearly indicates that the proposed Initiatives will affect section 25, which governs retention elections. Accordingly, we reject this contention.

Fourth, Petitioner asserts that the summary of each Initiative inaccurately defines judges to include all supreme court justices, court of appeals judges, and county and district court judges, including probate, juvenile, and water court judges. In particular, Petitioner argues that the definitional language of the proposed Initiatives omits any reference to the court of appeals judges or the probate, juvenile, or water court judges. We rejected this argument in *In re # # 245(f) and 245(g)*, 1 P.3d at 744, where we held that the language of the Initiatives clearly indicates that court of appeals, probate, juvenile, and water court judges are governed by provisions of the Initiatives.

█ Fifth, Petitioner contends that the summaries for 245(b) and (d) are misleading because they fail to disclose the deletion of the five-year law licensure requirement until the end of the summaries and because they only mention it "in passing." However, the repeal of this requirement is indicated in the section of the summary dealing with terms of qualification, and is emphasized by a typographical bullet. Accordingly, we reject this contention.

Finally, Petitioner alleges that the summaries for all four Initiatives inaccurately state that when a judge is retained or not removed by a vote of less than 60%, he "is only retained or not removed until the next annual election." The Initiatives themselves state that under these circumstances, a judge is retained "only until the next November 15 after the next yearly state election date." We rejected this contention in *In re # # 245(f) and 245(g)*, 1 P.3d at 744–745, on the ground that the Board is not required to include every aspect of a proposal in the title

and submission clause, to discuss every possible effect, or provide specific explanations of the measure. *See In re Petition on Campaign and Political Finance*, 877 P.2d 311, 313 (Colo.1994).

## V. Conclusion

Any remaining arguments raised by Petitioner are without merit. Accordingly, we affirm in part and reverse in part the action of the Title Board and remand for further proceedings consistent with this opinion.

### *APPENDIX*

### Proposed Initiative on "1999–2000—# 245(b)" [1]

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT SUCH STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; ESTABLISHING A PROCEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE WHO IS CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING

1. State Judicial Personnel – Selection, Retention and Removal

FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES; DEFINING "JUDGES" TO INCLUDE JUSTICES, COMMISSIONERS, REFEREES, AND MAGISTRATES, AND TO EXCLUDE JUDGES AND MAGISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT SUCH STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; ESTABLISHING A PROCEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE WHO IS CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES; DEFINING "JUDGES" TO INCLUDE JUSTICES, COMMISSIONERS, REFEREES, AND MAGISTRATES, AND TO EXCLUDE JUDGES AND MAGISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT?

The summary prepared by the Board is as follows:

This measure amends the Colorado constitution and defines "judges" to include all justices of the supreme court, judges of the court of appeals, county and district court judges, commissioners, referees, and magistrates, including juvenile, probate, and water court judges commissioners, referees, and magistrates, but excluding judges and magistrates of the county court of the city and county of Denver. It would limit future terms of such judges to four years and prohibit such judges from serving more than three future terms at each court level. The measure provides that any future partial term constitutes a full term. It also provides that any such judge who has served eight years or more at a judicial level is only eligible to serve one additional term at that level. It establishes that juvenile, probate, water, and district courts are deemed to be all one level. The measure provides that no one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention and that no one shall serve as a senior judge without the written consent of all parties to a case or after being term-limited.

The measure changes the manner in which all state court justices, judges, commissioners, referees, and magistrates, except for judges, commissioners, referees and magistrates of the county court of the city and county of Denver, are selected by allowing the governor to appoint any qualified elector who resides in the court district even if the person was not recommended by a judicial nominating commission. The measure would prohibit any such judge from taking office until approved by the senate following a public hearing held after at least fourteen-days' notice. It requires all such judges to face a

retention election in the first annual state election at least ninety days following approval by the senate. The measure would suspend without pay any such judge convicted of a felony or misdemeanor and require the judge to face a retention election in the next November election more than ninety days following the conviction or finding.

The measure would require a removal election if signatures equal to five percent of the total votes cast in the court district for the office of secretary of state are collected within twelve months on petitions requesting the removal of any such active or senior judge. The measure provides procedures for the approval of petition entries including a presumption of validity of the entries, prohibiting the use of random sampling, and allowing only petitioners to appeal. It also provides that more than one member of the same court may be listed on a single petition and prohibits the listing of reasons for or against retention or removal on the petition or the ballot.

If such a judge is retained or not removed by a majority vote of fewer than sixty percent, the measure provides that the judge is only retained or not removed until the next annual election.

The measure would require that future appellate court opinions be public and on the internet within five days. It would require that calendar year information concerning the caseload, case resolution time, continuances, hours of attendance, and criminal sentencing information for each such judge be made public and on the internet by the following March 1.

For each such judge facing a retention or removal election, the measure would require that ballot information booklets and mailed election notices contain only a true summary of the prior year's record, a statement in favor of the incumbent, and a summary of comments mailed or filed by any person or group against retention or for removal. It would prohibit the mentioning or publication of any judicial performance commission review.

The measure states that it shall be strictly construed and shall supersede any other conflicting law. It provides that any Colorado resident or group has standing to enforce its provisions, that the Colorado supreme court shall hear and decide any case concerning its enforcement, and that legal fees and costs shall be paid only to successful plaintiffs who seek to enforce the measure.

The measure would repeal certain provisions of the Colorado constitution including:

- The terms of office and qualifications for district court judges and supreme court justices;

- The appointments of judges and justices from a list of nominees submitted by a judicial nominating commission;

- The requirement that district court judges and supreme court justices be licensed to practice law for at least five years.

Finally, the measure amends article VI, section 13 of the state constitution to include within the qualifications of district attorneys that the person have been licensed to practice law for five years.

The Department of Local Affairs believes that the provisions of the measure dealing with removal and additional retention elections, requiring certain information to be mailed to voters, making judges' records computer accessible, and requiring the award of attorney fees to successful plaintiffs would result in some indeterminate negative fiscal impact on counties.

The Office of State Planning and Budgeting believes that the provisions of this measure would drive significant additional costs for making records computer accessible, recall petitions and elections, and distribution of ballot information booklets. The amount of additional costs would vary in any given year and cannot be accurately measured.

Hearing January 19, 2000:

Single subject approved; staff draft amended; titles and summary set.

Hearing adjourned 4:54 p.m.

Hearing February 2, 2000:

Motion for Rehearing granted in part and denied in part; summary amended.

Hearing adjourned 4:08 p.m.

The text of Initiative # 245(b) is as follows:

Be it Enacted by the People of the State of Colorado:

Section 1.  Article VI of the state constitution is amended to add:

**Section 6.  State judicial personnel – selection, retention, and removal.** After November 6, 2000:

(1) **Term limits.** Future terms of office for all active county, district, probate, juvenile, water, court of appeals, and supreme court judges shall be four years, except for a shorter first term for each office, and shall end on November 15 of an even-numbered year.  At each level, no one shall serve more than three future terms of office.  All district, probate, juvenile, and water courts combined shall be deemed one level.  Any future partial term, including completing a term of another judge, shall also be a term of office.  Anyone who has served eight years or more at one level shall be eligible for only one future term at that level.

(2) **Selection.** The governor shall appoint all future active county, district, probate, juvenile, water, court of appeals, and supreme court judges; and all senior judges for service up to 90 court days in any 12 months.  No one shall take office without senate approval following a hearing with public testimony, held 14 days or more after public notice.  Active and senior judges need not be chosen from a nominating commission list, but shall be qualified electors residing in the court district they are serving.  If senate-approved, active judges shall face an election on the next yearly state election date at least 90 days later.

(3) **Retention and removal.** (a) Despite any appeal, sentence delay, or other excuse, any misdemeanor or felony conviction shall suspend active and senior judges without pay, and compel a retention vote on the next yearly state election date at least 90 days later.  Active and senior judges shall also be subject to removal on the next yearly state election date at least 90 days after petition forms circulated by any adult state residents are filed with entries, collected within 12 months, of registered electors in that court district equal in number to 5% of the general election votes last cast in that district for all secretary of state candidates.  Completed entries with an attached circulator oath are deemed valid unless incumbents, within 14 days after entry filing, prove enough entries invalid.  Random sampling is prohibited.  Absent systematic fraud, if a petition be invalidated, petitioners shall then have 14 days to file more entries made at any time.  Third filings are barred.  Only petitioners may appeal, and shall prevail unless the supreme court affirms on the merits, giving no weight to appealed findings, within 14 days of the appeal filing.  One or more members of the same court may be named in the same petition without increasing required entries, but ballot questions and other procedures shall be separate.  Delivery by the election official of a master petition form, conclusively valid, shall begin the collection period.  No petition or ballot shall list reasons for or against retention or removal.

(b) To inform potential voters at any retention or removal election: all future appellate opinions shall be public and on the internet within five days; complete calendar year records on caseload, case resolution time, continuances, hours of courthouse attendance daily, and criminal sentencing by each judge shall be public and on the internet by the next March 1; and, in 12–point or larger type, ballot information booklets and mailed election notices shall include all convictions defined in (a), a true summary of the latest yearly record, and up to 500 words each for the incumbent and for a true summary by the election official of all comments against retention or for removal, which may be filed or mailed by any person or group six weeks or more before the election.  No judicial performance commission review shall be mentioned or published.  A majority under 60% shall retain that incumbent, or delay removal, only until the next November 15 after the next yearly state election date.

**(4) Enforcement.** "Judge" also includes a justice, commissioner, referee, or magistrate, but excludes section 26 judges. "Senior judge" also includes a temporary or retired judge. Section 6 shall be strictly construed; good faith and substantial compliance are insufficient. Its provisions are severable and self-executing, and shall not be balanced or harmonized with, but shall supersede, conflicting laws. Any person or group shall have standing to enforce section 6. Suits shall be filed in and orally argued before the supreme court and, except (3)(a) appeals, decided within 60 days of filing. Attorney fees and costs shall always be paid only to successful plaintiffs seeking to enforce section 6. No one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention. No one shall ever serve as a senior judge without the written consent of all parties to a case or after being term-limited.

Section 2. Article VI, Sections 7, 8, 11, 14, 15, 20(1), 20(3), and the second sentence of 10(2) of the state constitution are repealed November 7, 2000.

Section 3. The third sentence of article VI, section 13 is repealed and re-enacted on November 7, 2000, to read: To be eligible to the office of district attorney at the time of election, a person shall have been licensed to practice law in this state for five years and shall possess all the qualifications of a district court judge as provided in this article.

**Proponents:** Douglas Campbell P.O. Box 1776 Arvada, Colorado [80001], Mark Dorn P.O. Box 1776 Arvada, Colorado [80001]

### Proposed Initiative on "1999– 2000—# 245(c)" [1]

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT SUCH STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; ESTABLISHING A PROCEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE WHO IS CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES; DEFINING "JUDGES" TO INCLUDE JUSTICES, COMMISSIONERS, REFEREES, AND MAGISTRATES, AND TO EXCLUDE JUDGES AND MAGISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT SUCH STATE COURT

---

1. State Judicial Personnel – Selection, Retention and Removal

JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL RE- QUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; ESTABLISHING A PRO- CEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE WHO IS CON- VICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETI- TION TO STAND FOR ELECTION; PRO- VIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RE- TAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SEN- IOR JUDGES; DEFINING "JUDGES" TO INCLUDE JUSTICES, COMMISSION- ERS, REFEREES, AND MAGISTRATES, AND TO EXCLUDE JUDGES AND MAG- ISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCE- DURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT?

The summary prepared by the Board is as follows:

This measure amends the Colorado consti- tution and defines "judges" to include all justices of the supreme court, judges of the court of appeals, county and district court judges commissioners, referees, and magis- trates, including juvenile, probate, and water court judges commissioners, referees, and magistrates, but excluding judges and magis- trates of the county court of the city and county of Denver. It would limit future terms of such judges to four years and pro- hibit such judges from serving more than three future terms at each court level. The measure provides that any future partial term constitutes a full term. It also provides

that any such judge who has served eight years or more at a judicial level is only eligible to serve one additional term at that level. It establishes that juvenile, probate, water, and district courts are deemed to be all one level. The measure provides that no one shall ever serve as an active or senior judge after mandatory retirement age, re- moval by discipline or election, resignation with a retention or removal election pending, or defeat for retention and that no one shall serve as a senior judge without the written consent of all parties to the case or after being term-limited.

The measure changes the manner in which all state court justices, judges, commission- ers, referees, and magistrates, except for judges, commissioners, referees, and magis- trates of the county court of the city and county of Denver, are selected by allowing the governor to appoint any qualified elector who resides in the court district even if the person was not recommended by a judicial nominating commission. District court judges would still have to be licensed to practice law in Colorado for at least five years but Supreme Court justices would not. The measure would prohibit any such judge from taking office until approved by the sen- ate following a public hearing held after at least fourteen-days' notice. It requires all such judges to face a retention election in the first annual state election at least ninety days following approval by the senate. The mea- sure would suspend without pay any such judge convicted of a felony or misdemeanor and require the judge to face a retention election in the next November election more than ninety days following the conviction or finding.

The measure would require a removal elec- tion if signatures equal to five percent of the total votes cast in the court district for the office of secretary of state are collected with- in twelve months on petitions requesting the removal of any such active or senior judge. The measure provides procedures for the approval of petition entries including a pre- sumption of validity of the entries, prohibit- ing the use of random sampling, and allowing only petitioners to appeal. It also provides that more than one member of the same

court may be listed on a single petition and prohibits the listing of reasons for or against retention or removal on the petition or the ballot.

If such a judge is retained or not removed by a majority vote of fewer than sixty percent, the measure provides that the judge is only retained or not removed until the next annual election.

The measure would require that future appellate court opinions be public and on the internet within five days. It would require that calendar year information concerning the caseload, case resolution time, continuances, hours of attendance, and criminal sentencing information for each such judge be made public and on the internet by the following March 1.

For each such judge facing a retention or removal election, the measure would require that ballot information booklets and mailed election notices contain only a true summary of the prior year's record, a statement in favor of the incumbent, and a summary of comments mailed or filed by any person or group against retention or for removal. It would prohibit the mentioning or publication of any judicial performance commission review.

The measure states that it shall be strictly construed and shall supersede any other conflicting law. It provides that any Colorado resident or group has standing to enforce its provisions, that the Colorado supreme court shall hear and decide any case concerning its enforcement, and that legal fees and costs shall be paid only to successful plaintiffs who seek to enforce the measure.

The measure would repeal certain provisions of the Colorado constitution including:

• The terms of office for judges and justices and qualifications for supreme justices;

• The appointments of judges and justices from a list of nominees submitted by a judicial nominating commission;

• The requirement that supreme court justices be licensed to practice law for at least five years.

The Department of Local Affairs believes that the provisions of the measure dealing with removal and additional retention elections, requiring certain information to be mailed to voters, making judges' records computer accessible, and requiring the award of attorney fees to successful plaintiffs would result in some indeterminate negative fiscal impact on counties.

The Office of State Planning and Budgeting believes that the provisions of this measure would drive significant additional costs for making records computer accessible, recall petitions and elections, and distribution of ballot information booklets. The amount of the additional cost would vary in any given year and cannot be accurately measured.

Hearing January 19, 2000:

Single subject approved; staff draft amended; titles and summary set.

Hearing adjourned 4:54 p.m.

Hearing February 2, 2000:

Motion for Rehearing granted in part and denied in part; summary amended.

Hearing adjourned 4:08 p.m.

The text of Initiative # 245(c) is as follows:

Be it Enacted by the People of the State of Colorado:

Section 1. Article VI of the state constitution is amended to add:

**Section 6. State judicial personnel – selection, retention, and removal.** After November 6, 2000:

(1) **Term limits.** Future terms of office for all active county, district, probate, juvenile, water, court of appeals, and supreme court judges shall be four years, except for a shorter first term for each office, and shall end on November 15 of an even-numbered year. At each level, no one shall serve more than three future terms of office. All district, probate, juvenile, and water courts combined shall be deemed one level. Any future partial term, including completing a term of another judge, shall also be a term of office. Anyone who has served eight years or more at one level shall be eligible for only one future term at that level.

(2) **Selection.** The governor shall appoint all future active county, district, probate, juvenile, water, court of appeals, and supreme court judges; and all senior judges for service up to 90 court days in any 12 months. No one shall take office without senate approval following a hearing with public testimony, held 14 days or more after public notice. Active and senior judges need not be chosen from a nominating commission list, but shall be qualified electors residing in the court district they are serving. If senate-approved, active judges shall face an election on the next yearly state election date at least 90 days later.

(3) **Retention and removal. (a)** Despite any appeal, sentence delay, or other excuse, any misdemeanor or felony conviction shall suspend active and senior judges without pay, and compel a retention vote on the next yearly state election date at least 90 days later. Active and senior judges shall also be subject to removal on the next yearly state election date at least 90 days after petition forms circulated by any adult state residents are filed with entries, collected within 12 months, of registered electors in that court district equal in number to 5% of the general election votes last cast in that district for all secretary of state candidates. Completed entries with an attached circulator oath are deemed valid unless incumbents, within 14 days after entry filing, prove enough entries invalid. Random sampling is prohibited. Absent systematic fraud, if a petition be invalidated, petitioners shall then have 14 days to file more entries made at any time. Third filings are barred. Only petitioners may appeal, and shall prevail unless the supreme court affirms on the merits, giving no weight to appealed findings, within 14 days of the appeal filing. One or more members of the same court may be named in the same petition without increasing required entries, but ballot questions and other procedures shall be separate. Delivery by the election official of a master petition form, conclusively valid, shall begin the collection period. No peti-

tion or ballot shall list reasons for or against retention or removal.

**(b)** To inform potential voters at any retention or removal election: all future appellate opinions shall be public and on the internet within five days; complete calendar year records on caseload, case resolution time, continuances, hours of courthouse attendance daily, and criminal sentencing by each judge shall be public and on the internet by the next March 1; and, in 12-point or larger type, ballot information booklets and mailed election notices shall include all convictions defined in (a), a true summary of the latest yearly record, and up to 500 words each for the incumbent and for a true summary by the election official of all comments against retention or for removal, which may be filed or mailed by any person or group six weeks or more before the election. No judicial performance commission review shall be mentioned or published. A majority under 60% shall retain that incumbent, or delay removal, only until the next November 15 after the next yearly state election date.

(4) **Enforcement.** "Judge" also includes a justice, commissioner, referee, or magistrate, but excludes section 26 judges. "Senior judge" also includes a temporary or retired judge. Section 6 shall be strictly construed; good faith and substantial compliance are insufficient. Its provisions are severable and self-executing, and shall not be balanced or harmonized with, but shall supersede, conflicting laws. Any person or group shall have standing to enforce section 6. Suits shall be filed in and orally argued before the supreme court and, except (3)(a) appeals, decided within 60 days of filing. Attorney fees and costs shall always be paid only to successful plaintiffs seeking to enforce section 6. No one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention. No one shall ever serve as a senior judge without the written consent of all parties to a case or after being term-limited.

Section 2. Article VI, Sections 7, 8, 14, 15, 20(1), 20(3), and the second sentence of 10(2) of the state constitution are repealed November 7, 2000.

**Proponents:** Douglas Campbell P.O. Box 1776 Arvada, Colorado [80001] Mark Dorn P.O. Box 1776 Arvada, Colorado [80001]

### Proposed Initiative on "1999–2000—# 245(d)" [1]

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT SUCH STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; ESTABLISHING A PROCEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE WHO IS CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES; DEFINING "JUDGES" TO INCLUDE JUSTICES AND MAGISTRATES, AND TO EXCLUDE JUDGES AND MAGISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT SUCH STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; ESTABLISHING A PROCEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE WHO IS CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES; DEFINING "JUDGES" TO INCLUDE JUSTICES AND MAGISTRATES, AND TO EXCLUDE JUDGES AND MAGISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PRO-

1. State Judicial Personnel – Selection, Retention and Removal

VISIONS TO CONFORM WITH THIS AMENDMENT?

The summary prepared by the Board is as follows:

This measure amends the Colorado constitution and defines "judges" to include all justices of the supreme court, judges of the court of appeals, county and district court judges and magistrates, including juvenile, probate, and water court judges and magistrates, but excluding judges and magistrates of the county court of the city and county of Denver. It would limit future terms of such judges to four years and prohibit such judges from serving more than three future terms at each court level. The measure provides that any future partial term constitutes a full term. It also provides that any such judge who has served eight years or more at a judicial level is only eligible to serve one additional term at that level. It establishes that juvenile, probate, water, and district courts are deemed to be all one level. The measure provides that no one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention and that no one shall serve as a senior judge without the written consent of all parties to a case or after being term-limited.

The measure changes the manner in which all state court justices, judges, and magistrates, except for judges and magistrates of the county court of the city and county of Denver, are selected by allowing the governor to appoint any qualified elector who resides in the court district even if the person was not recommended by a judicial nominating commission. The measure would prohibit any such judge from taking office until approved by the senate following a public hearing held after at least fourteen-days' notice. It requires all such judges to face a retention election in the first annual state election at least ninety days following approval by the senate. The measure would suspend without pay any such judge convicted of a felony or misdemeanor and require the judge to face a retention election in the

next November election more than ninety days following the conviction or finding.

The measure would require a removal election if signatures equal to five percent of the total votes cast in the court district for the office of secretary of state are collected within twelve months on petitions requesting the removal of any such active or senior judge. The measure provides procedures for the approval of petition entries including a presumption of validity of the entries, prohibiting the use of random sampling, and allowing only petitioners to appeal. It also provides that more than one member of the same court may be listed on a single petition and prohibits the listing of reasons for or against retention or removal on the petition or the ballot.

If such a judge is retained or not removed by a majority vote of fewer than sixty percent, the measure provides that the judge is only retained or not removed until the next annual election.

The measure would require that future appellate court opinions be public and on the internet within five days. It would require that calendar year information concerning the caseload, case resolution time, continuances, hours of attendance, and criminal sentencing information for each such judge be made public and on the internet by the following March 1.

For each such judge facing a retention or removal election, the measure would require that ballot information booklets and mailed election notices contain only a true summary of the prior year's record, a statement in favor of the incumbent, and a summary of comments mailed or filed by any person or group against retention or for removal. It would prohibit the mentioning or publication of any judicial performance commission review.

The measure states that it shall be strictly construed and shall supersede any other conflicting law. It provides that any Colorado resident or group has standing to enforce its provisions, that the Colorado supreme court shall hear and decide any case concerning its enforcement, and that legal fees and costs

shall be paid only to successful plaintiffs who seek to enforce the measure.

The measure would repeal certain provisions of the Colorado constitution including:

• The terms of office and qualifications for district court judges and supreme court justices;

• The appointments of judges and justices from a list of nominees submitted by a judicial nominating commission;

• The requirement that district court judges and supreme court justices above the county court level be licensed to practice law for at least five years.

Finally, the measure amends article VI, section 13 of the state constitution to include within the qualifications of district attorneys that the person have been licensed to practice law for five years.

The Department of Local Affairs believes that the provisions of the measure dealing with removal and additional retention elections, requiring certain information to be mailed to voters, making judges' records computer accessible, and requiring the award of attorney fees to successful plaintiffs would result in some indeterminate negative fiscal impact on counties.

The Office of State Planning and Budgeting believes that the provisions of this measure would drive significant additional costs for making records computer accessible, recall petitions and elections, and distribution of ballot information booklets. The amount of additional costs would vary in any given year and cannot be accurately measured.

Hearing January 19, 2000:

Single subject approved; staff draft amended; titles and summary set.

Hearing adjourned 4:54 p.m.

Hearing February 2, 2000:

Motion for Rehearing granted in part and denied in part; summary amended.

Hearing adjourned 4:08 p.m.

Hearing April 5, 2000 (on remand from Colorado Supreme Court, March 28, 2000, Case No. 00SA35):

Titles Corrected.

Hearing adjourned 7:19 p.m.

The text of Initiative # 245(d) is as follows:

Be it Enacted by the People of the State of Colorado:

Section 1. Article VI of the state constitution is amended to add:

**Section 6. State judicial personnel – selection, retention, and removal.** After November 6, 2000:

(1) **Term limits.** Future terms of office for all active county, district, probate, juvenile, water, court of appeals, and supreme court judges shall be four years, except for a shorter first term for each office, and shall end on November 15 of an even-numbered year. At each level, no one shall serve more than three future terms of office. All district, probate, juvenile, and water courts combined shall be deemed one level. Any future partial term, including completing a term of another judge, shall also be a term of office. Anyone who has served eight years or more at one level shall be eligible for only one future term at that level.

(2) **Selection.** The governor shall appoint all future active county, district, probate, juvenile, water, court of appeals, and supreme court judges; and all senior judges for service up to 90 court days in any 12 months. No one shall take office without senate approval following a hearing with public testimony, held 14 days or more after public notice. Active and senior judges need not be chosen from a nominating commission list, but shall be qualified electors residing in the court district they are serving. If senate-approved, active judges shall face an election on the next yearly state election date at least 90 days later.

(3) **Retention and removal.** (a) Despite any appeal, sentence delay, or other excuse, any misdemeanor or felony conviction shall suspend active and senior judges without pay, and compel a retention vote on the next yearly state election date at least 90 days later. Active and senior judges shall also be subject to removal on the next yearly state election date at least

90 days after petition forms circulated by any adult state residents are filed with entries, collected within 12 months, of registered electors in that court district equal in number to 5% of the general election votes last cast in that district for all secretary of state candidates. Completed entries with an attached circulator oath are deemed valid unless incumbents, within 14 days after entry filing, prove enough entries invalid. Random sampling is prohibited. Absent systematic fraud, if a petition be invalidated, petitioners shall then have 14 days to file more entries made at any time. Third filings are barred. Only petitioners may appeal, and shall prevail, unless the supreme court affirms on the merits, giving no weight to appealed findings, within 14 days of the appeal filing. One or more members of the same court may be named in the same petition without increasing required entries, but ballot questions and other procedures shall be separate. Delivery by the election official of a master petition form, conclusively valid, shall begin the collection period. No petition or ballot shall list reasons for or against retention or removal.

**(b)** To inform potential voters at any retention or removal election: all future appellate opinions shall be public and on the internet within five days; complete calendar year records on caseload, case resolution time, continuances, hours of courthouse attendance daily, and criminal sentencing by each judge shall be public and on the internet by the next March 1; and, in 12–point or larger type, ballot information booklets and mailed election notices shall include all convictions defined in (a), a true summary of the latest yearly record, and up to 500 words each for the incumbent and for a true summary by the election official of all comments against retention or for removal, which may be filed or mailed by any person or group six weeks or more before the election. No judicial performance commission review shall be mentioned or published. A majority under 60% shall retain that incumbent, or delay removal, only until the next November 15 after the next yearly state election date.

**(4) Enforcement.** "Judge" also includes a justice or magistrate, but excludes section 26 judges. "Senior judge" also includes a temporary or retired judge. Section 6 shall be strictly construed; good faith and substantial compliance are insufficient. Its provisions are severable and self-executing, and shall not be balanced or harmonized with, but shall supersede, conflicting laws. Any person or group shall have standing to enforce section 6. Suits shall be filed in and orally argued before the supreme court and, except (3)(a) appeals, decided within 60 days of filing. Attorney fees and costs shall always be paid only to successful plaintiffs seeking to enforce section 6. No one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention. No one shall ever serve as a senior judge without the written consent of all parties to a case or after being term-limited.

Section 2. Article VI, Sections 7, 8, 11, 14, 15, 20(1), 20(3), and the second sentence of 10(2) of the state constitution are repealed November 7, 2000.

Section 3. The third sentence of article VI, section 13 is repealed and re-enacted on November 7, 2000, to read: To be eligible to the office of district attorney at the time of election, a person shall have been licensed to practice law in this state for five years and shall possess all the qualifications of a district court judge as provided in this article.

**Proponents:** Douglas Campbell P.O. Box 1776 Arvada, Colorado [80001] Mark Dorn P.O. Box 1776 Arvada, Colorado [80001]

Proposed Initiative on "1999–2000—# 245(e)" [1]

The title as designated and fixed by the Board is as follows:

1. State Judicial Personnel – Selection, Retention    and Removal

736

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT SUCH STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT ·CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; ESTABLISHING A PROCEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE WHO IS .CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES; DEFINING "JUDGES" TO INCLUDE JUSTICES, AND MAGISTRATES, AND TO EXCLUDE JUDGES AND MAGISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT SUCH STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; ESTABLISHING A PROCEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE WHO IS CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES; DEFINING "JUDGES" TO INCLUDE JUSTICES AND MAGISTRATES, AND TO EXCLUDE JUDGES AND MAGISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT?

The summary prepared by the Board is as follows:

This measure amends the Colorado constitution and defines "judges" to include all justices of the supreme court, judges of the court of appeals, county and district court judges and magistrates, including juvenile, probate, and water court judges and magistrates, but excluding judges and magistrates of the county court of the city and county of Denver. It would limit future terms of such judges to four years and prohibit such judges from serving more than three future terms at each court level. The measure provides that any future partial term constitutes a full

term. It also provides that any such judge who has served eight years or more at a judicial level is only eligible to serve one additional term at that level. It establishes that juvenile, probate, water, and district courts are deemed to be all one level. The measure provides that no one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention and that no one shall serve as a senior judge without the written consent of all parties to the case or after being term-limited.

The measure changes the manner in which all state court justices, judges, referees, and magistrates, except for judges, and magistrates of the county court of the city and county of Denver, are selected by allowing the governor to appoint any qualified elector who resides in the court district even if the person was not recommended by a judicial nominating commission. District court judges would still have to be licensed to practice law in Colorado for at least five years but Supreme Court justice would not. The measure would prohibit any such judge from taking office until approved by the senate following a public hearing held after at least fourteen-days' notice. It requires all such judges to face a retention election in the first annual state election at least ninety days following approval by the senate. The measure would suspend without pay any such judge convicted of a felony or misdemeanor and require the judge to face a retention election in the next November election more than ninety days following the conviction or finding.

The measure would require a removal election if signatures equal to five percent of the total votes cast in the court district for the office of secretary of state are collected within twelve months on petitions requesting the removal of any such active or senior judge. The measure provides procedures for the approval of petition entries including a presumption of validity of the entries, prohibiting the use of random sampling, and allowing only petitioners to appeal. It also provides that more than one member of the same court may be listed on a single petition and prohibits the listing of reasons for or against retention or removal on the petition or the ballot.

If such a judge is retained or not removed by a majority vote of fewer than sixty percent, the measure provides that the judge is only retained or not removed until the next annual election.

The measure would require that future appellate court opinions be public and on the internet within five days. It would require that calendar year information concerning the caseload, case resolution time, continuances, hours of attendance, and criminal sentencing information for each such judge be made public and on the internet by the following March 1.

For each such judge facing a retention or removal election, the measure would require that ballot information booklets and mailed election notices contain only a true summary of the prior year's record, a statement in favor of the incumbent, and a summary of comments mailed or filed by any person or group against retention or for removal. It would prohibit the mentioning or publication of any judicial performance commission review.

The measure states that it shall be strictly construed and shall supersede any other conflicting law. It provides that any Colorado resident or group has standing to enforce its provisions, that the Colorado supreme court shall hear and decide any case concerning its enforcement, and that legal fees and costs shall be paid only to successful plaintiffs who seek to enforce the measure.

The measure would repeal certain provisions of the Colorado constitution including:

● The terms of office for judges and justices and qualifications for supreme court justices;

● The appointments of judges and justices from a list of nominees submitted by a judicial nominating commission;

● The requirement that supreme court justices be licensed to practice law for at least five years.

The Department of Local Affairs believes that the provisions of the measure dealing with removal and additional retention elections, requiring certain information to be mailed to voters, making judges' records computer accessible, and requiring the award of attorney fees to successful plaintiffs would result in some indeterminate negative fiscal impact on counties.

The Office of State Planning and Budgeting believes that the provisions of this measure would drive significant additional costs for making records computer accessible, recall petitions and elections, and distribution of ballot information booklets. The amount of additional costs would vary in any given year and cannot be accurately measured.

Hearing January 19, 2000:

Single subject approved; staff draft amended; titles and summary set.

Hearing adjourned 4:54 p.m.

Hearing February 2, 2000:

Motion for Rehearing granted in part and denied in part; summary amended.

Hearing adjourned 4:08 p.m.

Hearing April 5, 2000 (on remand from Colorado Supreme Court, March 28, 2000, Case No. 00SA35):

Titles Corrected.

Hearing adjourned 7:19 p.m.

The text of Initiative # 245(e) is as follows:

Be it Enacted by the People of the State of Colorado:

Section 1. Article VI of the state constitution is amended to add:

**Section 6. State judicial personnel – selection, retention, and removal.** After November 6, 2000:

(1) **Term limits.** Future terms of office for all active county, district, probate, juvenile, water, court of appeals, and supreme court judges shall be four years, except for a shorter first term for each office, and shall end on November 15 of an even-numbered year. At each level, no one shall serve more than three future terms of office. All district, probate, juvenile,

and water courts combined shall be deemed one level. Any future partial term, including completing a term of another judge, shall also be a term of office. Anyone who has served eight years or more at one level shall be eligible for only one future term at that level.

(2) **Selection.** The governor shall appoint all future active county, district, probate, juvenile, water, court of appeals, and supreme court judges; and all senior judges for service up to 90 court days in any 12 months. No one shall take office without senate approval following a hearing with public testimony, held 14 days or more after public notice. Active and senior judges need not be chosen from a nominating commission list, but shall be qualified electors residing in the court district they are serving. If senate-approved, active judges shall face an election on the next yearly state election date at least 90 days later.

(3) **Retention and removal.** (a) Despite any appeal, sentence delay, or other excuse, any misdemeanor or felony conviction shall suspend active and senior judges without pay, and compel a retention vote on the next yearly state election date at least 90 days later. Active and senior judges shall also be subject to removal on the next yearly state election date at least 90 days after petition forms circulated by any adult state residents are filed with entries, collected within 12 months, of registered electors in that court district equal in number to 5% of the general election votes last cast in that district for all secretary of state candidates. Completed entries with an attached circulator oath are deemed valid unless incumbents, within 14 days after entry filing, prove enough entries invalid. Random sampling is prohibited. Absent systematic fraud, if a petition be invalidated, petitioners shall then have 14 days to file more entries made at any time. Third filings are barred. Only petitioners may appeal, and shall prevail unless the supreme court affirms on the merits, giving no weight to appealed findings, within 14 days of the appeal filing. One or more members of the same court may be named in the same petition without in-

creasing required entries, but ballot questions and other procedures shall be separate. Delivery by the election official of a master petition form, conclusively valid, shall begin the collection period. No petition or ballot shall list reasons for or against retention or removal.

**(b)** To inform potential voters at any retention or removal election: all future appellate opinions shall be public and on the internet within five days; complete calendar year records on caseload, case resolution time, continuances, hours of courthouse attendance daily, and criminal sentencing by each judge shall be public and on the internet by the next March 1; and, in 12–point or larger type, ballot information booklets and mailed election notices shall include all convictions defined in (a), a true summary of the latest yearly record, and up to 500 words each for the incumbent and for a true summary by the election official of all comments against retention or for removal, which may be filed or mailed by any person or group six weeks or more before the election. No judicial performance commission review shall be mentioned or published. A majority under 60% shall retain that incumbent, or delay removal, only until the next November 15 after the next yearly state election date.

**(4) Enforcement.** "Judge" also includes a justice or magistrate, but excludes section 26 judges. "Senior judge" also includes a temporary or retired judge. Section 6 shall be strictly construed; good faith and substantial compliance are insufficient. Its provisions are severable and self-executing, and shall not be balanced or harmonized with, but shall supersede, conflicting laws. Any person or group shall have standing to enforce section 6. Suits shall be filed in and orally argued before the supreme court and, except (3)(a) appeals, decided within 60 days of filing. Attorney fees and costs shall always be paid only to successful plaintiffs seeking to enforce section 6. No one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or

election, resignation with a retention or removal election pending, or defeat for retention. No one shall ever serve as a senior judge without the written consent of all parties to a case or after being term-limited.

Section 2. Article VI, Sections 7, 8, 14, 15, 20(1), 20(3), and the second sentence of 10(2) of the state constitution are repealed November 7, 2000.

**Proponents:** Douglas Campbell P.O. Box 1776 Arvada, Colorado [80001] Mark Dorn P.O. Box 1776 Arvada, Colorado [80001]