In the Matter of the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY FOR 1999–2000 # 215 (PROHIBITING CERTAIN OPEN PIT MINING).

Stuart Sanderson and Colorado Mining Association, Petitioners,

v.

Colin James Henderson and Ignacio Rodriguez, Respondents,

and

William Hobbs, Alan J. Gilbert, and Charles W. Pike, Title Board.

No. 00SA199.

Supreme Court of Colorado, En Banc.

July 3, 2000.

Hale, Hackstaff, Tymkovich & Erkenbrack, L.L.P., Timothy M. Tymkovich, Richard Daily, Denver, Colorado, Attorneys for Petitioners Stuart Sanderson and Colorado Mining Association.

Susan E. Burch, Denver, Colorado, Attorney for Respondents Colin James Henderson and Ignacio Rodriguez.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Alan J. Gilbert, Solicitor General, Maurice G. Knaizer, Deputy Attorney General, State Services Section, Denver, Colorado, Attorneys for Title Board.

PER CURIAM.

In this appeal brought pursuant to section 1–40–107(2), 1 C.R.S. (1999), petitioners Stuart Sanderson and the Colorado Mining Association ("the Petitioners") seek review of a decision by the Ballot Title Setting Board ("Title Board") denying the Petitioners' May 24, 2000, motion for rehearing. The Title Board found that it lacked jurisdiction to hear the motion. We affirm.

I.

On February 4, 2000, Colin James Henderson and Ignacio Rodriguez filed a measure regarding open pit mining ("the Initiative") with the Secretary of State. The Title Board held a hearing to set the Initiative's title and ballot title and submission clause (collectively "titles") and its summary on February 16, 2000. The Petitioners, as well as other objectors not involved in this appeal, filed motions for rehearing on February 23, 2000. On March 1, 2000, the Title Board re-set the titles, granting the motions for rehearing in part and denying them in part.

The Petitioners and the other objectors appealed the Title Board's action setting the titles to the Initiative. *See In re Title, Ballot Title and Submission Clause, and Summary for 1999–2000 No. 215*, 3 P.3d 11 (Colo.2000). We affirmed the Title Board's action in part and remanded the case to the Title Board with instructions to re-draft a misleading clause in the titles.

On May 17, 2000, the Title Board held a hearing during which it revised the Initiative's titles in accordance with our instructions. On May 24, 2000, the Petitioners filed a motion for rehearing, claiming that they had just discovered that the Initiative's titles contained additional misleading text. The allegedly misleading text, however, was included in the titles at the time the Proponents filed their original February 23, 2000, motion for rehearing.

The Title Board denied the Petitioners' motion for rehearing, concluding that it lacked jurisdiction to consider objections to the titles that the Petitioners could have raised in their February 23, 2000, motion. This appeal followed.

II.

In *In re Title, Ballot Title and Submission Clause, and Summary for 1999–2000 No. 219*, 999 P.2d 819, 821 (Colo.2000), we held that section 1–40–107 permits objectors to an initiative to bring only one motion for rehearing to challenge titles set by the Title Board. We found that the Title Board lacks jurisdiction to grant an objector's second motion for rehearing where the motion raises arguments that could have been made in the objector's first motion for rehearing. *See id.* at 822. We noted that our holding did not address the situation in which an objector files a second motion for rehearing that raises objections relating to changes made by the Title Board when it re-set the titles. *See id.* at 821–22.

The Petitioners interpret our decision in *Initiative No. 219* to require that we engage in a case-by-case approach to multiple motions for rehearings brought under section 1–40–107. They argue that in each case we

must balance the risk that the titles will mislead voters against the initiative's proponent's need to begin circulating petitions.

 We find that the Petitioners misinterpret *Initiative No. 219.* Although we considered the competing interests of voters and initiative proponents in reaching our ultimate construction of section 1–40–107, we did not hold that section 1–40–107 requires any such case-by-case analysis of the interests involved in setting the titles to an initiative. Our holding was clear: an objector may not raise in a second motion for rehearing a challenge that the objector could have raised in his first motion for rehearing. *See Initiative No. 219* at 821–22.

In this case, the Petitioners concede that the challenge raised in their May 24, 2000, motion for rehearing relates to text that appeared in the titles at the time they filed their February 23, 2000 motion for rehearing. The objections raised in the Petitioners' May 24, 2000, motion for rehearing do not relate to changes made by the Title Board when it re-set the titles per our instructions.

Applying our decision in *Initiative No. 219,* we hold that the Title Board correctly denied the Petitioners' second motion for rehearing for lack of jurisdiction. Accordingly, the action of the Title Board is affirmed.